UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN YELLE,

                      Plaintiff,

v.

MOUNT ST. MARY COLLEGE,

                      Defendant.
-----------------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

18-CV-10927 (PMH)

PHILIP M. HALPERN, United States District Judge:

        Plaintiff John Yelle ("Plaintiff") commenced this action on November 21, 2018 against Defendant Mount St. Mary's College ("Defendant" or the "College"). (Doc. 1). Plaintiff's Complaint raised claims for relief under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and related New York State Human Rights Law ("NYHRL") claims. The gravamen of Plaintiff's claims was that he was subject to discrimination on the basis of his age and gender related to Defendant's failure to (1) hire Plaintiff as an Assistant Professor of Accounting, a full-time tenure track position, in 2017 and (2) renew Plaintiff's adjunct professor contract in 2017. On July 10, 2019, Plaintiff's Title VII and related NYHRL claims were voluntarily dismissed with prejudice. (Doc. 28).

        After the close of discovery, Defendant moved for summary judgment on Plaintiff's ADEA and related NYHRL claims. (Doc. 35). The Court held oral argument on Defendant's motion on October 29, 2020, and, on November 5, 2020 the Court issued an oral bench ruling granting Defendant's motion. (Doc. 53; Doc. 60, "Ruling Tr."). The Court found that Plaintiff's ADEA claim failed the *McDonnell Douglas* burden-shifting analysis because he had failed to allege a *prima facie* case of age discrimination. Specifically, the Court held that there was no evidence in

the record to establish that the adverse employment actions Plaintiff suffered arose under conditions giving rise to an inference of discrimination. (Ruling Tr. at 18:2-10, 25:10-13).

The Court held also that Plaintiff's unpled allegations regarding discrimination related to Defendant's search to fill a visiting professor position were not properly before the Court because "[n]either plaintiff's complaint nor his EEOC charge mention the college's search to fill the visiting professor position" and the "filing of an EEOC charge is a prerequisite for bringing an employment discrimination action under . . . the ADEA." (*Id.* at 13:23-14:3). The Court rejected explicitly Plaintiff's argument that allegations of discrimination related to the visiting professor search could reasonably be expected to grow out of the EEOC investigation "because nothing in the EEOC charge would put the EEOC on notice of allegations of discrimination related to this unrelated search, and the visiting professor search occurred after the college's search for the tenure-track position." (*Id.* at 14:19-25). On November 5, 2020, the Clerk of Court entered judgment for Defendant and closed the case. (Doc. 54).

Thereafter, on December 1, 2020, Plaintiff filed a document entitled "First Motion for Reconsideration" (nothing more than a memorandum of law, without any notice of motion) seeking "reconsideration" of the Court's bench ruling pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 55). Motions made under Rule 59(e) must be made within 28 days of the earlier decision, in this case November 5, 2020. Defendant filed its brief in opposition to Plaintiff's motion on December 29, 2020, which argued, *inter alia*, that Plaintiff had failed to timely file a notice of motion and had failed to identify with particularity the grounds on which the request was premised pursuant to Federal Rule of Civil Procedure 7(b)(1)(B). (Doc. 62, "Def. Br." at 5-6). On January 16, 2021, Plaintiff filed a document entitled "Second Motion for Reconsideration," which was the

2

first notice of motion filed after the Court issued its November 5, 2020 bench ruling, as well as a memorandum of law in support thereof. (Doc. 63; Doc. 64, "Pl. Br.").

For the reasons that follow, Plaintiff's motion for reconsideration is DENIED.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) provides that a "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Levitant v. Workers Comp. Bd. of N.Y.*, No. 16-CV-6990, 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (quoting *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014)). Importantly, a Rule 59(e) motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).[1]

---

[1] Plaintiff seeks "reconsideration" pursuant to Rule 59(e). Rule 59(e), as opposed to Local Civil Rule 6.3, does not speak in terms of "reconsideration," but rather "alter or amend." However, "'[t]he standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3." *Levitant*, 2019 WL 5853438, at *1 (quoting *Ramirez v. United States*, No. 05-CV-4179, 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (referring to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York); *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002) ("The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." (citing *Cohen v. Koenig*, 932 F.Supp. 505, 506 (S.D.N.Y. 1996))). Local Civil Rule 6.3 requires that a party seeking reconsideration set forth "the matters or controlling decisions which counsel believes the Court has overlooked," and such a motion shall only be granted if the Court determines that the factual matters or controlling precedent was, in fact, overlooked, "on the underlying motion and that would have changed its decision." *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014) (quoting *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007)). Just as with a Rule 59(e) motion then, a motion made pursuant to Local Rule 6.3 does not permit a party to "advance new facts, issues or arguments not previously presented to the Court." *Id*. (quoting *Davey v. Dolan*, 496 F.Supp.2d 387, 389 (S.D.N.Y. 2007)).

In the Second Circuit "the standard for granting a Rule 59(e) motion 'is strict, and . . . will generally be denied.'" *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00-CV-2474, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000)). At bottom, Rule 59(e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 685 (M.D.Fla. 1996)).

## ANALYSIS

Defendant argues that Plaintiff's Rule 59(e) motion should be dismissed because it is procedurally improper and because it fails on the merits. The Court addresses these arguments *seriatim*.

First, Defendant argues that Plaintiff's "reconsideration" motion is untimely under Local Rule 6.3 and Rule 59(e). The Court agrees. The Court granted Defendant's motion for summary judgment on November 5, 2020 (Doc. 53) and the Clerk of Court entered judgment that same day (Doc. 54). If Plaintiff's motion were considered "reconsideration" under Local Civil Rule 6.3, that rule provides that a party may make a motion for reconsideration "of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment" and that the motion should be accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Thus, pursuant to Local Civil Rule 6.3, Plaintiff's motion for "reconsideration" should have been served by November 19, 2020, at the latest. Plaintiff did not meet this deadline.

Having missed that deadline, procedurally then, Plaintiff was left with a Rule 59(e) motion, which may be filed no later than 28 days after the entry of the judgment. Plaintiff first attempted to file his Rule 59(e) "motion" on December 1, 2020 (*see* Doc. 55), which was within the 28-day

time limit. However, the "First Motion for Reconsideration" did not include a notice of motion "specify[ing] the applicable rules or statutes pursuant to which the motion is brought" as is required by Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7.1(a)(1).

After Defendant filed its memorandum in opposition outlining the timeliness defect, Plaintiff then filed a second motion entitled "Second Motion for Reconsideration" and a memorandum in support thereof on January 16, 2021. (Docs. 63, 64). While Plaintiff corrected his prior error of not including a Notice of Motion, the motion was filed well beyond the 28-day time limit proscribed by Rule 59(e). Accordingly, the Court finds that Plaintiff's Rule 59(e) motion to amend or alter the judgment is procedurally flawed as it was not timely filed and could be denied on that ground alone.

Assuming *arguendo*, however, that Plaintiff's Rule 59(e) motion was properly filed, the Court finds that the motion fails on the merits. Plaintiff's memorandum of law establishes clearly that Plaintiff simply seeks to rehash arguments previously expressly considered and rejected by this Court. Plaintiff argues that the Court erred in finding that the alleged discrimination related to the search to fill the visiting professor position was not reasonably related to the alleged discrimination related to the search to fill the full-time, tenure-track Assistant Professor of Accounting position. (*See generally* Pl. Br.). The latter was the subject of Plaintiff's EEOC charge. Rather than presenting an intervening change of controlling law, new evidence previously unavailable, or a clear error that has resulted in manifest injustice, Plaintiff's brief establishes that he is merely seeking a "second bite at the apple" and asking the Court to again consider arguments and law that were already advanced and rejected.

The question of whether Plaintiff's EEOC charge, which did not mention any alleged discrimination related to the search to fill the visiting professor position, was sufficient to put the

EEOC on notice of alleged discrimination related to the visiting professor position was the subject of much discussion during oral argument. For example, during oral argument the Court stated:

> As I understand it, the law is crystal clear in the Second Circuit that if the EEOC charge does not include this visiting professor claim of discrimination, so as to put not only the EEOC, but the other side on notice, it's [just not] something I can hear. I want you to react to that for me, because I have the charge in front of me, I've read the charge multiple times . . . where, [] fairly stated, is there a claim of discrimination predicated on this visiting professor job? Point me to the allegation in [the] document . . . [and] where in the complaint are you suing for discrimination based on the visiting professor job?

(Doc. 56, "Arg. Tr." at 9:10-24). A lengthy exchange followed between Plaintiff's counsel and the Court in which counsel attempted to persuade the Court that allegations of discrimination related to the visiting professor search were properly before the Court. (*Id.* at 9:25-11:22, 13:18-17:1). Following oral argument, the Court granted Plaintiff an opportunity to file a supplemental letter providing additional support for his argument that alleged discrimination related to the visiting professor search should be considered. Plaintiff filed a supplemental letter on October 30, 2020 (Doc. 49) and Defendant filed a response to the letter on November 1, 2020 (Doc. 50).

After considering the parties' briefs, the arguments advanced during oral argument, and the supplemental letters filed after oral argument, the Court found that it was not proper to consider any allegations of discrimination related to the search to fill the visiting professor role because those claims were not properly before the Court. The Court found specifically:

> As an initial matter, the Court finds that Plaintiff's complaint and the EEOC charge only address alleged discrimination related to the college's search for a full-time, tenure-track accounting professor position in the spring of 2017 and the decision not to renew Plaintiff's position as an adjunct professor in December 2018. Neither Plaintiff's complaint nor his EEOC charge mention the college's search to fill the visiting professor position.
> The filing of an EEOC charge is a prerequisite for bringing an employment discrimination action under either Title VII or the ADEA. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 (2d Cir. 2001).

>     The visiting professor role was not even mentioned in the EEOC charge. "[A] plaintiff typically may raise in a district court complaint only those claims that either were included in the EEOC charge or are reasonably related to the allegations contained in his EEOC charge." *Id*. at 83.
>     "A claim raised for the first time in the district court is 'reasonably related' to allegations in an EEOC charge 'where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.*
>     "The central question is whether the complaint filed with the EEOC gave the agency 'adequate notice to investigate discrimination.'" *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 352 (E.D.N.Y. 2013).
>     Here, allegations of discrimination relating to the visiting professor search cannot be reasonably expected to grow out of the EEOC investigation because nothing in the EEOC charge would put the EEOC on notice of allegations of discrimination related to this unrelated search, and the visiting professor search occurred after the college's search for the tenure-track position.
>     The Court has reviewed the cases cited in plaintiff's supplemental letter after oral argument, citing supplemental authorities, and they simply do not support a contrary finding. Thus, to the extent plaintiff attempts to assert an age discrimination case related to the college's search to fill the visiting professor role, because the search to fill the visiting professor role was not the subject of plaintiff's complaint, was not mentioned in the EEOC charge, and was not ["]reasonably related" to the allegations in the EEOC charge, the Court finds that plaintiff's unpled claims related to the visiting professor search are not properly before this Court.

(Ruling Tr. at 13:18-15:11).

Plaintiff's motion seeks only to resurrect arguments previously advanced and rejected. To the extent Plaintiff seeks to introduce new arguments and case law not previously presented to the Court, that approach is equally unavailing. Such tactics are clearly not what Rule 59(e) permits. In that regard, and simply stated, a "Rule 59(e) motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008). That is precisely

7

what Plaintiff attempts to do by his instant application. Because Plaintiff has already had a full and fair opportunity to present any arguments and facts relevant to the issue of which allegations of discrimination were properly before the Court and Plaintiff has failed to point to intervening controlling case law, previously unavailable evidence, or the existence of manifest injustice, the Court finds that Plaintiff has failed to carry the heavy burden required to prevail on a Rule 59(e) motion. Accordingly, Plaintiff's motion is denied.

## **CONCLUSION**

Plaintiff's motion for reconsideration pursuant to Rule 59(e) is DENIED. The Clerk is instructed to terminate ECF No. 63.

SO ORDERED:

Dated: New York, New York
       January 29, 2021

_____
Philip M. Halpern
United States District Judge