**MANDATE**

7:18-cv-10927-PMH

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 22 2022

21-480-cv
*Yelle v. Mount Saint Mary College*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

Present:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JOHN YELLE,

> *Plaintiff-Appellant,*

v.                                                               21-480-cv

MOUNT SAINT MARY COLLEGE,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:        MICHAEL B. RANIS, Goshen, NY.

For Defendant-Appellee:        ALLISON B. GOTFRIED (Michael J. Volpe, *on the brief*), Venable LLP, New York, NY.

Appeal from a judgment and postjudgment order of the United States District Court for the Southern District of New York (Philip Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and postjudgment order of the district court are **AFFIRMED**.

1

**MANDATE ISSUED ON 06/22/2022**

Plaintiff-Appellant John Yelle appeals from a judgment entered by the district court on November 5, 2020, granting Defendant-Appellee Mount Saint Mary College's (the "College") motion for summary judgment and the court's subsequent denial of Yelle's motion for reconsideration of that decision on January 29, 2021. We assume the parties' familiarity with the record.

On November 21, 2018, after filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Yelle filed a complaint against the College for, among other things, age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. Yelle's discrimination complaint referenced two of the College's hiring decisions: (1) its decision to not hire Yelle to a full-time faculty position as a tenure-track professor; and (2) its decision to "den[y] him continued work as a part-time adjunct professor." App'x at 349. Yelle asserted that these decisions were impermissibly based on his age. The College moved for summary judgment on those claims on March 10, 2020. For the first time in his opposition brief in the district court, Yelle alleged age-based discrimination relating to a third hiring decision—the College's decision to hire a younger individual instead of Yelle for a visiting professor position. Because Yelle's complaint and EEOC charge failed to ever mention the visiting professor role, the district court concluded that this unpled claim was not properly before the court. The district court then granted the College's motion for summary judgment on the properly pled claims—those relating to the tenure-track and adjunct professor positions—for reasons unrelated to this appeal. Thereafter, Yelle moved for reconsideration of the court's determination on his unpled claim, which the district court denied. Yelle now appeals, challenging only the court's refusal to consider his arguments regarding the visiting professor position. Because we agree with the district court that this claim was not properly pled, and because this conclusion is dispositive of the entire appeal, we need not reach Yelle's challenges to other aspects of the district court's ruling.

Yelle does not dispute that his complaint fails to explicitly reference the visiting professor position. Rather, Yelle contends that (1) the substance of his complaint put the College on notice of that claim; and (2) the district court implicitly permitted Yelle to amend his complaint by allowing the parties to "develop[] a substantial record regarding the [visiting professor] position." Appellant's Br. at 38. We find Yelle's arguments unpersuasive.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Even drawing all reasonable inferences in favor of Yelle, it was entirely appropriate for the district court to rule against Yelle based on his failure to raise in his complaint any allegation related to the visiting professor position. The complaint focuses solely on the tenure-track and adjunct positions and therefore cannot serve as notice of a third claim relating to an unmentioned visiting professor position.

Yelle made no attempt below to seek leave to amend his complaint, and he could not simply amend his complaint through his opposition to the College's motion for summary judgment. *See Soules v. Conn. Dep't of Emergency Servs.*, 882 F.3d 52, 56 (2d Cir. 2018) ("Ordinarily, parties may not amend the pleadings through motions papers."). We therefore do not identify any error in the district court's refusal to consider that claim. *See Mauro v. S. New England Telecomm.,*

*Inc.*, 208 F.3d 384, 386 n.1 (2d Cir. 2000) (concluding that the district court did not err in refusing to consider an unpled claim raised for the first time in opposition papers).

Yelle also argues that the parties effectively litigated his claim relating to the visiting professor position because the parties developed the record on that claim through deposition testimony and Yelle's requests for production of documents relating to that position.   Yelle is correct that certain evidence produced in and developed during discovery below generally refers to the visiting professor position.   But that is a far cry from notifying the College that Yelle was also basing his discrimination complaint on the College's decision on a position for which Yelle never applied.   The district court therefore properly ruled that Yelle failed to allege—in any cognizable way—a claim based on the visiting professor position.

\* \* \*

We have considered Yelle's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and postjudgment order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3